**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raquel Grey, | No. CV-26-01712-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Sun Health Foundation Incorporated, | |
| Defendant. | |

On March 13, 2026, Plaintiff Raquel Grey filed this action along with an Application for Leave to Proceed In Forma Pauperis ("IFP"), (Doc. 3).  For the following reasons, Grey's IFP application will be **granted** and her Complaint, (Doc. 1), will be **dismissed** with leave to amend.

**I.      IFP APPLICATION**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Having reviewed the application to proceed IFP, (Doc. 3), I find that Grey cannot pay the court costs and still afford necessities.  Thus, the motion to proceed IFP will be granted.

## II.   SCREENING THE COMPLAINT

Because Grey is proceeding IFP in this case, her Complaint must be screened.

### A.   Legal Standard

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.*  Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, at *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, 2023 WL 2468967, at *2 (S.D. Cal. 2023).

### B.   Grey's Complaint

Under Rule 8(a)(2), "a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  While this does not require "detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quotation marks omitted).  To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).  Thus, a complaint must include

"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also id.* ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (citation modified)). Pro se filings must be construed "liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014).

In her Complaint, Grey asserts a single claim of retaliation under Title VII of the Civil Rights Act against her former employer, Defendant Sun Health Foundation Incorporated ("Sun Health"). (Doc. 1 at 5.) Grey alleges that she was hired as an Accounts Receivable Specialist in November 2024, that she raised concerns to senior management about her supervisor's micromanagement and overbearing conduct, and that she was terminated the day after escalating those concerns to the Vice President and Human Resources. (*Id.* at 1–4.) She contends her termination was in retaliation for raising these complaints. (*Id.* at 4.)

To make out a prima facie case of retaliation, Grey must allege that (1) she engaged in protected activity; (2) Sun Health subjected her to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). Protected activity includes (a) opposing a practice made unlawful by Title VII or (b) participating in a Title VII investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). While complaining to a supervisor or upper management can constitute protected activity under Title VII, "the employee must reasonably believe that the complained-of conduct" is prohibited by Title VII—that is, amounts to discrimination based on a protected class. *Bruner v. City of Phoenix*, 2020 WL 5258295, at *4 (D. Ariz. 2020).

Grey's allegations describe complaints about her supervisor's micromanagement and harsh feedback, but nothing in the Complaint suggests that Grey believed her supervisor's conduct was based on her race, sex, national origin, or any other protected characteristic. (*See* generally, Doc. 1.) Making complaints about workplace conditions

not prohibited by Title VII does not constitute protected activity. *Gutierrez v. Kaiser Found. Hospitals Inc.*, 2012 WL 5372607, at *6 (N.D. Cal. 2012) ("While a plaintiff need not have invoked 'magic words' in order for his complaints to constitute protected activity, he must have alerted his employer to his belief that discrimination, not merely unfair personnel treatment, had occurred."). Because Grey has not alleged that she complained of conduct she believed was prohibited by Title VII, and thus, participated in a protected activity, she fails to state a claim for retaliation, and her Complaint will be dismissed.

## III. LEAVE TO AMEND

Unless a court determines that a pleading cannot be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). A finding that any amendment would be futile justifies dismissal without leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (1995).

Here, it cannot be concluded that amendment would be futile. Grey will therefore be granted an opportunity to amend, but she is advised that failure to allege sufficient facts supporting her claims—including that she engaged in a protected activity under Title VII— may result in dismissal of this action without further leave to amend.

Grey is reminded that an amended Complaint supersedes the original Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Thus, after amendment, the original complaint is treated as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action raised in the original complaint is waived if it is not alleged in an amended complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). And any Defendant not renamed in the amended complaint will remain dismissed from this case. *See id.*

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to proceed in forma pauperis, (Doc. 3), is **granted**.

- 4 -

**IT IS FURTHER ORDERED** that the Complaint, (Doc.1), is **dismissed** with leave to amend.  Grey has 30 days from the date of this Order to file an amended complaint. Consistent with LRCiv 15.1, Grey shall file, concurrently with any amended complaint, a notice of filing the amended pleading that attaches a copy of the amended pleading indicating in what ways it differs from the Complaint.[1]

**IT IS FURTHER ORDERED** that if Grey files an amended complaint, the Clerk of Court shall not issue summons until the Court screens the amended complaint and orders service consistent with 28 U.S.C. § 1915(d).

**IT IS FURTHER ORDERED** that if Grey fails to file an amended complaint within 30 days, the Clerk of Court shall enter judgment dismissing this case with prejudice.

Dated this 10th day of April, 2026.

_____
Honorable Sharad H. Desai
United States District Judge

---

[1]    The Local Rules and a Handbook for Self-Represented Litigants are available on this District Court's website.  *See* U.S. District Court, District of Arizona, Information for those Proceeding Without an Attorney (Pro Se), https://www.azd.uscourts.gov/proceeding-without-attorney (last visited April 3, 2026).

- 5 -